**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000820**
**29-NOV-2012**
**09:08 AM**

NO. CAAP-12-0000820


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LISA DURDA, Plaintiff-Appellee, v. ION GENIUS INC., et. al.,
Appellants-Defendants and Third-Party Plaintiffs, v. GENA
COSTALES, Third-Party Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0241-02 (KKS))


ORDER GRANTING NOVEMBER 1, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee Lisa Durda's
(Appellee Durda) November 1, 2012 motion to dismiss appellate
court case number CAAP-12-0000820 for lack of jurisdiction,
(2) Defendant/Third-Party Plaintiff/Appellant Ion Genius, Inc.'s
(Appellant Ion Genius), November 12, 2012 memorandum in
opposition to Appellee Durda's November 1, 2012 motion to dismiss
appellate court case number CAAP-12-0000820 for lack of
jurisdiction, and (3) the record, it appears that we lack
jurisdiction over Appellant Ion Genius's appeal from the
Honorable Karl K. Sakamoto's July 11, 2012 "Findings of Fact and
Conclusions of Law and Order" (the July 11, 2012 order).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp.
2011) authorizes appeals to the intermediate court of appeals

only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-12-0000820 was filed on November 20, 2012, and the circuit court has not yet entered a separate judgment that resolves all claims against all parties.

Absent a separate judgment, the July 11, 2012 order is not eligible for appellate review. Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848), (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the July 11, 2012 order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, Appellant Ion

2

Genius's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-12-0000820. Accordingly,

IT IS HEREBY ORDERED that Appellee Durda's November 1, 2012 motion to dismiss appellate court case number CAAP-12-0000820 for lack of jurisdiction is granted, and appellate court case number CAAP-12-0000820 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 29, 2012.

On the motion:

Steven K.S. Chung and
Chanelle M.C. Fujimoto,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3